UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID BAIN, et al., | Case No. 15-cv-03305-EMC |
| Plaintiffs, | |
| v. | **ORDER RE JOINT LETTER OF NOVEMBER 3, 2016** |
| UNITED HEALTHCARE INC., | Docket No. 57 |
| Defendant. | |

The Court has reviewed the parties' joint letter of November 3, 2016, and hereby rules as follows.

To the extent Mr. Bain seeks reconsideration of the Court's ruling that the standard is review is abuse of discretion,[1] the Court denies Mr. Bain relief. First, *Alexander H. v. Oxford Health Insurance Inc.*, 833 F.3d 1299 (11th Cir. 2016), is not binding authority as it was issued by the Eleventh Circuit. Second, even if it were, nothing in *Alexander H.* constitutes a ruling that the standard of review should be de novo where an external review was conducted. In fact, as UHI argues, if anything, the Eleventh Circuit indicated to the contrary. *See id.* at ---, nn. 8, 10 (noting that the district court held that the external review "removed [the insurance company's] discretion to deny benefits" and thus applied de novo review; stating that "[w]e . . . deem it prudent to give the district court, in the first instance, the opportunity to reconsider its view that de novo review applies" because, contrary to what the district court had concluded, the external review was not binding on the issue of medical necessity).

As for the issue regarding the scope of discovery – *i.e.*, what discovery on conflict of

_____

[1] The Court notes that, in the letter, Mr. Bain claims that he is not; however, he reserves the right to challenge the standard of review and therefore the Court addresses the issue here.

United States District Court
For the Northern District of California

1  interest should be permitted – the Court concludes that the fact of the external review does not

2  automatically immunize UHI from discovery into a possible conflict of interest with respect to the

3  external reviewer.  It is plausible that external reviewers are "repeat players" who may therefore

4  have biases.  Thus, it is fair for Mr. Bain to conduct some narrowly targeted discovery to see if the

5  external review process was tainted by a conflict of interest.

6          That being said, if the external review process was not tainted by a conflict of interest, and

7  UHI simply abided by the results of the external review, then it is not clear how Mr. Bain could

8  argue that a UHI internal structural conflict (*e.g.*, failing to wall off the claims department from

9  the finances department) or a UHI-retained expert financial conflict (*i.e.*, hiring biased outside

10  reviewers) improperly affected the decision-making on his claim.

11          Accordingly, the Court rules that, at this juncture in the proceedings, Mr. Bain may take

12  discovery as to a conflict of interest with respect to the external review process only.  He may not

13  take discovery as to any UHI internal structural conflict or to a financial conflict of interest on the

14  part of UHI-retained experts.  Mr. Bain may ask for leave to expand discovery to the latter topics

15  only if there is sufficient evidence to support a conclusion that the external review process was

16  tainted.

17          This order disposes of Docket No. 57.

18

19          **IT IS SO ORDERED**.

20

21  Dated: November 9, 2016

22  _____

23  EDWARD M. CHEN
    United States District Judge

24

25

26

27

28

United States District Court
For the Northern District of California